ELIZABETH CONNOLLY, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

EVIDENCE — UNFAIR INTRODUCTION OF INCOMPETENT EVIDENCE TO CORROBORATE TESTIMONY OF WITNESS.  Where counsel for the plaintiff, in an action to recover for injuries alleged to have been caused by the negligence of defendant, offered in evidence a letter written to defendant · by the son-in-law of plaintiff, stating to the court in the presence of the jury that the letter was written the day after the accident and immediately after the plaintiff had returned to the house of the writer, and that the letter corroborated exactly the testimony of the plaintiff at the trial, which letter was properly excluded, it is reversible error for the trial court to permit the plaintiff, when recalled in rebuttal and against the objection and exception of defendant, to answer affirmatively the question, "Did you tell just how the accident happened to your son-in-law the next morning?" since the jury had been informed that the letter narrated the accident as testified to by plaintiff, and the effect of the objectionable answer was to establish, by unfair means and self-serving declarations, that the plaintiff immediately after the accident told the same story that she had on the witness stand.

*Connolly* v. *Brooklyn Heights R. R. Co.*, 86 App. Div. 245, reversed.

(Submitted May 18, 1904; decided June 3, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 4, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George D. Yeomans* and *I. R. Oeland* for appellant.  The counsel for the plaintiff insisted upon introducing improper testimony in this case and repeatedly referred to it in his summing up to the jury.  This improper testimony influenced the jury and the judgment should be reversed.  (*Cosselmon* v. *Dunfee*, 172 N. Y. 507 ; *Strickland* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 367.)

*Stephen C. Baldwin* for respondent.  Defendant's exceptions should not avail.  (*Cosselmon* v. *Dunfee*, 172 N. Y. 507.)

CULLEN, J.   The action was brought by the plaintiff, a passenger on the defendant's road, to recover damages for personal injuries.   Her claim on the trial was that while alighting the car started and she was thrown down.   The defendant's contention was that the plaintiff alighted from the car in safety and subsequently fell while walking to the side-walk.   On the cross-examination of the defendant's claim agent, a witness on its behalf, it appeared that the plaintiff's son-in-law had written a letter to the defendant's president about the accident which the plaintiff had suffered, which letter was referred by the president of the road to the claim agent.   In offering the letter in evidence the plaintiff's coun-sel said : " As I understand their position, they are going to claim that this lady walked away from the ·car and fell her-self after she had gone half way across Hancock street and fell in the gutter, despite that she has brought an action against the railroad company, seeking to fasten liability upon the railroad company, and in face of the fact that I have here the letter of her son-in-law, who wrote to this company the very day after the accident, the moment that the mother-in-law returned to his house, stating the nature of the claim and corroborating exactly her present statement."   The trial court excluded the letter.   Subsequently the plaintiff was recalled in rebuttal and against the objection and exception of the defendant the following question and answer were received : " Q. Did you tell just how the accident happened to your son-in-law the next morning ?   A. Yes, sir."   That the ques-tion was improper and that the objection to it should have been sustained is very clear.   That a party cannot make evi-dence in his own behalf by self-serving declarations is ele-mentary.   (*Austin* v. *Bartlett*, 178 N. Y. 310.)   As the witness did not testify to what she stated to her son-in-law, ordinarily the erroneous ruling would be of too little moment to justify a reversal.   In the present case, however, the action of the plaintiff's counsel, in stating to .the court in the pres-ence of the jury the contents of the excluded letter written by the son-in-law, made the error very substantial.   The jury

had learned that the letter narrated the accident as testified to by the plaintiff.    The effect of the objectionable evidence was to establish that the plaintiff immediately after the accident told the same story that she had on the witness stand.    Such must have been the object of the counsel and his conduct was not fair, especially when it is remembered that the letter he sought thus to bring before the jury had been excluded. Indeed, he should not have been allowed in offering the letter to state its contents, but as no exception was taken to this the matter is not subject to review by this court.    We appreciate that in the excitement of a trial the zeal of the counsel may lead him to contend for propositions of law that cannot be sustained and for the admission of evidence that should not be received.    But there is a limit to the exercise of charity in this respect and evidence may be so plainly and so palpably objectionable as to require a counsel, if he will insist in obtaining a ruling on it, at least to offer the evidence in such a way as not to prejudice the jury.    The counsel, however, did not rest with the adverse ruling of the court, but again succeeded in getting the objectionable evidence before the jury by means of the question and answer which have been narrated.    As the ruling on that question presents an error of law of which this court has cognizance we should not allow the judgment to stand.

The judgment should be reversed and a new trial granted, costs to appellant to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN and WERNER, JJ., concur ; HAIGHT, J., absent.

Judgment reversed, etc.